UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| NELDA BROWNELL | CIVIL ACTION NO. 05-1593 |
| versus | JUDGE HICKS |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION | REFERRED TO: MAGISTRATE JUDGE HORNSBY |

# MEMORANDUM RULING

**Introduction**

Nelda Brownell ("Plaintiff") applied for disability benefits claiming an onset date in 1999 due to lupus, asthma, vertigo, arthritis and anxiety. At her hearing before ALJ Thomas Bundy, and on this appeal, she also complained of leg pain, memory loss and arthritis/degenerative lumbar disk disease. Plaintiff was 53 years old on her alleged onset date and 59 years old at the time of her hearing. She has a twelfth grade education and past work experience as an office manager for a security company that she and her husband operated. The ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform the full range of light work, which permitted her to perform the demands of her past relevant work. Accordingly, Plaintiff was found not disabled at step four of the sequential analysis.

The Appeals Council denied a request for review. Plaintiff then filed this civil action seeking the limited judicial relief that is available pursuant to 42 U.S.C. § 405(g). Both

parties filed written consent to have a magistrate judge decide the case and, pursuant to 28 U.S.C. § 636(c) and the standing order of the district court governing social security cases, the action was referred to the undersigned for decision and entry of judgment. For the reasons that follow, the Commissioner's decision to deny benefits will be affirmed.

**Issues on Appeal**

At step two of the analysis, the ALJ found that Plaintiff had bronchial asthma and systemic lupus, which were "severe" impairments within the meaning of the regulations. He went on to determine that Plaintiff had an RFC for light work activity. Plaintiff assigns as errors that the ALJ (1) erred in not considering her leg pain as a severe impairment, (2) erred in not including her memory loss as a severe impairment, (3) erred in not including her arthritis/lumbar disk disease as a severe impairment, and (4) erred generally in finding that she had the RFC for light work.

**Standard of Review; Substantial Evidence**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is more than a scintilla and less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991). A finding of no substantial evidence is justified only if there are no credible evidentiary choices or medical findings which support the ALJ's

determination. Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

**Analysis**

With respect to the leg pain, Plaintiff testified that she has to prop her legs up when she sits down or the bottom of her feet will become red and inflamed. She said pain would shoot down her back, legs and knees so much that if she stayed in one position she could hardly walk when she got up. Plaintiff summarized her condition as: "The only thing I can do for any length of time is lie down, and I can't do that without a sleeping pill." Tr. 315. She added that she had "all kinds of pain" such as sharp twinges and aches in her legs and knees. Tr. 316.

The ALJ acknowledged that testimony (Tr. 26), but he pointed to medical evidence that indicated a lesser limitation. Plaintiff's treating physician never stated, in the evidence submitted to the ALJ, that Plaintiff required significant rest periods or had to prop her feet up. Plaintiff was occasionally reported to have some swelling in her legs, but on some visits she showed none. Tr. 194. Dr. Raymond Cush conducted a consultative examination in October 2003. He recorded that Plaintiff reported a history of working as a secretary until fatigue from lupus forced her to quit in 1997. Plaintiff said she could not get out of bed most days and had arthritis complaints of the knees, but with the start of therapy she returned to work for about a year. The business was then sold. Plaintiff "had no particular joint aches or swellings today." Her gait was normal, and she could walk on tip toes and heels and stand on each leg independently, though she attempted only a partial squat. She could rise from

sitting without help, and she had good (5/5) grip strength in both hands. There was no evidence of edema in the extremities, and no joint was found to be tender or swollen. In summary, Dr. Cush said that Plaintiff's use of limbs and hands seemed good during the exam and that she "seems able to do the type work she did in the past." Tr. 235-37.

The ALJ considered all the evidence, including Dr. Cush's report, and did not find support for Plaintiff's claims of limitations stemming from problems with her lower extremities. Tr. 26-27. On appeal, Plaintiff points primarily to an EMG study done on February 1, 2005. The study was conducted about two weeks before the ALJ issued his decision, but it appears the evidence did not find its way into the record until the case was presented to the Appeals Council. That body wrote that it had considered the additional evidence and found it did not provide a basis for changing the ALJ's decision, so the request for review was denied. Tr. 4-5.

The Fifth Circuit has held that the Commissioner's final decision, the decision that is to be reviewed by the courts, includes the Appeals Council's denial of a request for review and requires the court to consider (in determining whether there is substantial evidence to support the decision) evidence that was submitted for the first time to the Appeals Council. <u>Higginbotham v. Barnhart</u>, 405 F.3d 332 (5th Cir. 2005). The EMG study includes the physician's impression: "minimal neuropathy in bilateral lower extremities." The person who administered the test wrote that Plaintiff could not tolerate the needle used in the exam. Tr. 15-16.

The ALJ had before him testimony claiming a great degree of limitation countered by medical evidence that contained virtually no objective evidence to support the testimony. The ALJ is entitled to substantial deference in his assessment of credibility and the extent of subjective claims of limitations, and the evidence he pointed to in his written decision provides substantial evidence to support his conclusion. The new EMG evidence submitted post-decision reflects only minimal problems and does not deprive the decision of a basis in substantial evidence.

Plaintiff claimed memory loss. The ALJ acknowledged the claim (Tr. 24 & 27), and he addressed the claim along with the claim of anxiety. He noted that Plaintiff had been issued nerve medication by a non-mental health professional. That medication was decreased when she reported anxiety as a side effect, and the record did not include a physician's identification of any untoward mental problems exhibited during an examination. Dr. Cush noted that Plaintiff claimed depression and anxiety attacks but had no admit or clinic visits for any mental disorder. He observed that Plaintiff "seemed cheerful and pleasant and not depressed" during the examination. Tr. 236. The ALJ, based on his review of that evidence and his observation of Plaintiff at the hearing, held that Plaintiff's mental impairment was such a slight abnormality that it would have only a minimal effect on her ability to work, so it was not a severe impairment. Tr. 27.

On appeal, Plaintiff does not attack that decision based on the evidence before the ALJ. Once again, Plaintiff points to post-hearing evidence (a brain MRI) that was submitted

to the Appeals Council. The MRI was requested based on complaints of memory loss. The physician's impression was: "mild chronic ischemic changes in periventricular white matter." No other abnormalities were noted. Tr. 14. The exam was conducted in September 2004, months before the ALJ hearing and decision, but it was not filed in the record until after the ALJ's decision. Treating physician Dr. Gary Williams recorded that the MRI demonstrated that Plaintiff "had cerebral vascular disease, consistent with loss and ischemic disease and in white matter." He prescribed Plavix (often used to treat circulatory problems) and an anti-platelet. Tr. 12. He recorded at the next visit that Plaintiff "is doing very well with her medications, without any difficulty at all." Tr. 11. The next visit, the last in the record, contains no recorded complaint of memory or mental problems. Tr. 10.

There is some evidence that might permit a reasonable person to conclude that Plaintiff has a severe memory-related impairment. But there is ample evidence from which a reasonable mind could reach a contrary conclusion. Accordingly, considering this court's limited standard of review, the Commissioner's decision with respect to this issue is not subject to reversal.

Plaintiff's sole cited evidentiary basis for her complaint of arthritis and disk problems is an MRI report from a 2003 examination. The report reflected disk space narrowing at L4-5 with some slight narrowing at L2-3, and some minimal bulging of the annulus at multiple lumbar regions. There was no definite evidence of disk herniation. The summary impression was: "mild degenerative changes of the lumbar spine as described." Tr. 298. The ALJ

mentioned the mild degenerative disk disease in his decision (Tr. 26), but he did not include it or any related pain as a severe impairment.

The objective evidence of only a mild problem, combined with the lack of evidence of any limitations stemming from the problem, combine to provide substantial evidence for the ALJ's decision on this issue. Furthermore, and this is true of the other arguments addressed above, even if a case could be made that the ALJ was mandated to have found a severe limitation based on the matters raised on appeal, Plaintiff would have to go beyond that mere technical victory and establish that the limitations affected her RFC to the extent that she could not perform the demands of her past job as an office manager. As Plaintiff described the job, she typed, filed, did light bookkeeping and paperwork. She stood or walked for 20-30 minutes and sat six hours a day, and she lifted less than 10 pounds. There is, over all, substantial evidence to support the ALJ's assessment of an RFC for light work and his finding that Plaintiff could perform the demands of her past work, as she performed the job. Accordingly, a judgment will be entered affirming the Commissioner's decision.

THUS DONE AND SIGNED at Shreveport, Louisiana, this 5th day of July, 2006.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE